IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

CITY OF GLADSTONE, an Oregon )
municipal corporation, )
 )
       Plaintiff, ) Case No. 00-1438-KI
 )
  vs. ) OPINION AND ORDER
 )
NORTHLAND CASUALTY COMPANY, )
a foreign corporation; KEN LEAHY )
CONSTRUCTION, INC., an Oregon )
corporation; KEN LEAHY; and DONNA )
LEAHY, )
 )
       Defendants. )

    Beth Skillern
    Donald R. Stark
    John R. Osburn
    Bullivant Houser Bailey, P. C.
    300 Pioneer Tower
    888 S. W. Fifth Avenue
    Portland, Oregon  97204-2089

John H. Hammond, Jr.
Beery Elsner & Hammond
1750 S. W. Harbor Way, Suite 380
Portland, Oregon 97201

    Attorneys for Plaintiff

Robert E. Maloney, Jr.
Charles F. Hudson
Lane Powell P. C.
601 S. W. Second Avenue, Suite 2100
Portland, Oregon 97204-3158

Andrew R. Gardner
Stoel Rives, LLP
900 SW Fifth Avenue, Suite 2600
Portland, Oregon 97204

    Attorneys for Defendants

KING, Judge:

The court issued an Opinion and Order on September 19, 2005 granting Northland Casualty Company's ("Northland") motion for summary judgment and denying the City of Gladstone's (the "City") motion for summary judgment. On the same date, the court entered a judgment dismissing the case. Before me is Northland's Motion to Enter Amended Judgment (#75). For the reasons provided below, I grant the motion.

## DISCUSSION

Northland has filed a motion to enter an amended judgment for $410,000 plus prejudgment interest at the rate of 9% per annum from March 4, 2003 to September 19, 2005, minus a $40,000 credit against any prejudgment interest awarded (pursuant to a previous stipulation entered into between the parties).

The City does not dispute that a judgment should enter for the $410,000 that Northland paid in settlement on behalf of the City. However, the City takes issue with Northland's request for prejudgment interest. The City argues first that sovereign immunity bars the recovery of prejudgment interest unless a contract or statute authorizes it. Alternatively, the City asserts that in actions at law, prejudgment interest is not available in the absence of a contract or statute. Finally, the City urges the court to use its equitable powers and identify a date from which the prejudgment interest will run that is much later than the date identified by Northland.

The parties have briefed these issues extensively.

I. Sovereign Immunity

The City asserts that "in the absence of a statute or contract allowing it, prejudgment interest is not available on a claim against a public agency." Advocates for Effective Regulation v. City of Eugene, 176 Or. App. 370, 381, 32 P.3d 228 (2001) (citation omitted); Harrington v. Board of Trustees, 100 Or. App. 733, 737, 788 P.2d 1019, rev den 310 Or. 133, 794 P.2d 795 (1990). In these cases, the Oregon Court of Appeals specifically held that cities could not be liable for prejudgment interest.

However, Northland brings to the court's attention Shipley v. Hacheney, 34 Or. 303, 305, 55 P. 971 (1899), and an Oregon Supreme Court decision, decided a year after Advocates for Effective Regulation, which relied on Shipley in stating, "[C]ities are not immune from the general interest statute. See Shipley v. Hacheney, 34 Or. 303, 55 P. 971 (1899) (cities, unlike counties, are not extensions of state and do not enjoy state's immunity from interest)." Newport Church of the Nazarene v. Hensley, 335 Or. 1, 18, 56 P.3d 386 (2002). In addition, Northland points to a recent Oregon Court of Appeals case that restated Newport's discussion in holding

Page 3 - OPINION AND ORDER

prejudgment interest was not available against the state. Young v. State, 195 Or. App. 31, 96

P.3d 1239 (2004) ("The court distinguished . . . Public Market Co.[] on the grounds . . . that

Public Market Co. was an action against a city, which unlike the state or county was not immune

from the general interest statute"). Therefore, Northland suggests that until the Oregon Supreme

Court decides differently, Shipley, Newport Church, and Young mean that the City is liable for

prejudgment interest.

    A federal court must apply the decisions of the state's highest court when construing state law. If the state's highest court has not ruled on the issue, the federal court must "predict how the highest state court would decide the issue using intermediate appellate court decisions" as guidance. Forster v. SAIF Corp., 23 F. Supp. 2d 1196, 1197 (D. Or. 1998) (citation omitted).

    While the language in Newport Church does not constitute a holding, it offers guidance as to the Oregon Supreme Court's position on the issue. In Shipley, the Oregon Supreme Court provided a clear statement of the law that cities are liable for prejudgment interest. Shipley, 34 Or. at 307. Furthermore, although Shipley was decided in 1899, the Oregon Supreme Court confirmed its status as good law in Newport Church. Finally, neither Oregon Court of Appeals case distinguishes Shipley. Accordingly, I reject the City's argument that prejudgment interest is not available against it.

II.    Action at Law

    Alternatively, the City argues that in actions at law, prejudgment interest generally cannot be recovered unless there is an agreement to pay interest or a statute imposing interest. Newell v. Weston, 150 Or. App. 562, 583, 946 P.2d 691 (1997). The City contends that Northland's claim for money was based on an express or implied contract and constitutes an action at law. See

Page 4 - OPINION AND ORDER

Association of Unit Owners of the Inn at Otter Crest v. Far West Federal Bank, 120 Or. App. 125, 134, 852 P.2d 218 (1993).

Northland does not dispute that its counterclaim constitutes an action at law, but responds that it relies on ORS 82.010 to support its claim for interest. It asserts that its case is similar to Interstate Fire v. Underwriters at Lloyds, London, 139 F.3d 1234 (9th Cir. 1998), in which the Ninth Circuit affirmed a decision interpreting Oregon law, and expressly held that prejudgment interest was available to a liability insurer that had paid a settlement while reserving its right to reimbursement.

I agree with Northland. By statute, Oregon courts award prejudgment interest on "[a]ll monies after they become due; . . ." ORS 82.010(1)(a). I recognize, as does Northland, that the tables are turned in this situation and the insurance company is seeking reimbursement against its insured. However, Northland paid a settlement amount where the obligation, in the absence of policy coverage, belonged to the City. Accordingly, the case at hand is not fundamentally different from Interstate Fire. The amount due can be easily determined, and the date from which monies accrue can be ascertained, therefore the City is obligated to pay prejudgment interest from the date Northland settled the claim on behalf of the City.

III.  Equitable Considerations

Finally, the City seeks application of equitable considerations in determining the date from which the interest should run. Since I have determined that the question is a legal one, I do not take into account equitable considerations.

**CONCLUSION**

Northland's Motion to Enter Amended Judgment (#75) is granted. An amended

Page 5 - OPINION AND ORDER

judgment will be entered in favor of Northland in the amount of $410,000, plus prejudgment interest (calculated at 9 percent per annum from March 4, 2003 to September 19, 2005, less the $40,000 credit previously stipulated to by the parties).

Dated this      22nd       day of December, 2005.

    /s/ Garr M. King    

Garr M. King

United States District Judge